IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00211-MSK-MEH

BRILL GLORIA Haus- und Gartengeräte GmbH,

    Plaintiff,
v.

SUNLAWN, INC., and
TERRY JARVIS,

    Defendants.
_____

**RECOMMENDATION ON DEFENDANTS' MOTION
TO SET ASIDE DEFAULT JUDGMENT F.R.C.P. 60(b)**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendants' Motion to Set Aside Default Judgment F.R.C.P. 60(b) [filed September 5, 2008; docket #27]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the Motion has been referred to this Court. The matter is briefed, and oral argument would not assist the Court in adjudicating this Motion. For the reasons stated herein, the Court recommends Defendants' Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Plaintiff commenced this lawsuit against Defendant Sunlawn, Inc. ("Sunlawn") on January 31, 2008, to recover money owed for a breach of contract regarding shipments of lawnmowers from Plaintiff to Sunlawn. (Docket #1 at 2-3.) Plaintiff amended its complaint on February 2, 2008, adding Defendant Terry Jarvis and alleging breach of contract, unjust enrichment, and joint and several liability. (Docket #4 at 4-6.) Service was effectuated on both Defendants on February 2, 2008 via Sandra Jarvis, wife of Defendant Terry Jarvis and registered agent of Defendant Sunlawn. (Dockets #6, 7.) Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendants' answers to the Amended Complaint were due on or before March 3, 2008. Fed. R. Civ. P. 12(a). When neither Defendant made any sort of appearance or responsive pleading, Plaintiff moved for Entry of Default as to both Defendants on June 19, 2008. (Docket #15.) Subsequent to the Clerk's Entry of Default, Plaintiff moved for default judgment. (Docket #17.) This Court recommended Plaintiff's Motion for Default Judgment be granted against both Defendants, and damages in the amount of $320,575.05 ordered against Defendant Sunlawn. (Docket #20.)

On September 5, 2008, Defendants filed the Motion presently before the Court. In this Motion, Defendants assert "on-going negotiations towards settlement constitutes good cause for the Court to set aside an entry of default," in that the negotiations delayed preparing answers to Plaintiff's Amended Complaint. (Docket #27 ¶ 3.) Defendants also filed Answers, notably almost seven months after the Amended Complaint was filed. In their Answers, Defendants assert identical affirmative defenses to Plaintiff's claims, including estoppel, failure to mitigate, laches, "incapacity/incompetency/infancy," and "lack of maturity of claim." (Dockets #24, 25.)

In its Response, Plaintiff reiterates its arguments for default judgment in that Defendants had

twenty days to answer or otherwise respond to Plaintiff's Amended Complaint, yet Defendants failed to file an answer or other response, failed to request an extension of time to file such response, and now seven months later seek to file Answers asserting untimely "meritless defenses." (Docket #30 ¶ 1-2.) Consistent with its Objection to this Court's Recommendation granting default judgment, Plaintiff also requests the Court to hold both Defendants jointly and severally liable for the amount this Court deemed is owed to Plaintiff by Sunlawn. (*See* Docket #23.)

## II.    Discussion

Federal Rule of Civil Procedure 55 governs Default Judgments. Rule 55 states in pertinent part, "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Defendants bring their Motion to Set Aside Default Judgment under Rule 60(b), however, default judgment has not yet been ordered in this matter. Therefore, the Court considers Defendants' Motion under Rule 55(c).

Review of case precedent analyzing "good cause" for the purposes of Rule 55(c) demonstrates procedural deficiencies such as inadequate service, lack of subject matter jurisdiction, or lack of personal jurisdiction constitute good cause allowing an entry of default to be set aside.[2] *See U.S. v. Rice*, No. 08-8029, 2008 WL 4471366 (10th Cir. Oct. 6, 2008) (holding *pro se* Defendant's failure to file a responsive pleading pursuant to Rule 12 and failure to give an adequate reason for such failure does not constitute good cause and supports an entry of default); *Hukill v. Okla. Native Am. Domestic Violence Coal.*, No. 07-5168, 2008 WL 4226524 (10th Cir. Sept. 17,

---

[2]"The good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *U.S. v. Rice*, No. 08-8029, 2008 WL 4471366, at *2 (10th Cir. Oct. 6, 2008) (citing *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)).

2008) ("a default judgment in a civil case is void if there is no personal jurisdiction over the defendant" (citation omitted)); *Polaski v. Colo. Dep't of Transp.*, No. 05-1401, 2006 WL 2147526 (10th Cir. Aug. 2, 2006) (holding default judgment was properly set aside based on the plaintiff's failure to personally serve the complaint on the defendant); *Guttman v. Silverberg*, No. 05-2180, 2005 WL 3462805, at *3 (10th Cir. Dec. 19, 2005) ("lack of subject matter jurisdiction constitutes good cause to set aside an entry of default").

The Tenth Circuit established three principal factors to review in determining whether a defendant has met the good cause standard: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default would be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). These factors may be considered with other factors, yet the court need not consider all factors. "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Id.*; *see also Guttman*, 2005 WL 3462805, at *4 (stating "even where there is a meritorious defense and no prejudice to the adversary, 'willful failure alone may constitute sufficient cause for the court to deny the motion'" (citation omitted)).

In *Hunt*, the Tenth Circuit concluded the defendant's "failure to answer or otherwise respond to the complaint after receiving actual notice of the complaint demonstrated a willful disregard for the court," thereby constituting culpable conduct. 1995 WL 523646, at *4. In the case at hand, in addition to proper service on Defendants, Defendants' counsel acknowledged the filing of the complaint in this matter in a February 27, 2008, letter to Plaintiff. (Docket #30-2 Ex. B.) However, Defendants still failed to answer or otherwise respond to the Amended Complaint, nor did

4

Defendants request an extension of time to file. Defendants also raised no objection to this Court's Recommendation that default judgment be entered against both Defendants with Defendant Sunlawn bearing the liability for money damages. In fact, as evidenced by the docket, Defendants submitted their first filing to the Court on September 5, 2008, when they filed this Motion, a Reply to Plaintiff's Objection to this Court's Recommendation of default judgment, and two belated Answers, nearly seven months after service was executed. Therefore, consistent with the Tenth Circuit's determination in *Hunt*, the Defendants' failure to answer or otherwise respond demonstrates a willful disregard for the authority of the Court and constitutes culpable conduct justifying this Recommendation to refuse setting aside the entry of default.

In support of their Motion, Defendants argue "on-going negotiations towards settlement constitutes [sic] good cause." (Docket #27 at 2.) Furthermore, Defendants contend they both have "meritorious defenses" to Plaintiff's claims, in that Defendant Sunlawn had not been credited two partial payments received by Plaintiff, and Defendant Jarvis may not be held personally liable for the debt of Sunlawn. (*Id.*)

In *QFA Royalties, LLC, v. Liberty Holding Group, Inc.*, the defendants in that matter claimed a mistaken belief that active settlement discussions excused them from filing an answer to the complaint. No. 06-cv-00948-LTB-MEH, 2007 WL 2071633, at *2 (D. Colo. July 16, 2007). The defendants submitted to the court that they did not "intentionally fail to act to prolong or hinder the litigation, but rather were 'focused on a negotiated settlement.'" *Id*. The *QFA Royalties* Court determined "the parties' ongoing settlement discussion did not excuse the [defendants'] responsibility to file a responsive pleading under Fed. R. Civ. P. 12(a)." *Id*. Similarly, Defendants Sunlawn and Jarvis' assertion that settlement negotiations constitute good cause excusing failure

5

to timely answer or otherwise respond to Plaintiff's Amended Complaint fails to adequately excuse their willful conduct.

Regarding Defendants' "meritorious defenses," the Court directs Defendant Jarvis to its previous Recommendation declining to recommend assessing money damages against Defendant Jarvis individually. (Docket #20 at 8.) The Court determined Plaintiff's submitted undisputed facts related to the issue of Jarvis' personal liability are insufficient to establish Sunlawn as Jarvis' alter ego, and Plaintiff may not pierce the corporate veil. (*Id*.)

The Court reaffirms its recommendation of liability against Sunlawn, for these reasons and the reasons explained in this Court's previous Recommendation. (*See* Docket #20.) Plaintiff submitted letters to the Court demonstrating the substance of the negotiations between the parties concerning the disputed contract. The first letter dated January 10, 2008, before Plaintiff filed its Complaint, is from Defendants' counsel to Plaintiff's counsel, and states "Sunlawn admits that it is indebted to Brill for [$432,407.49] and wishes to structure a payment plan." (Docket #30-2 Ex. A.) The remaining letters reflect continued discussion after Plaintiff commenced this litigation regarding a payment plan and security for payment by Sunlawn to Plaintiff. (*Id*. Ex. B-E.)

Defendants' string of defenses listed in their submitted Answers appear frivolous in light of the letters and this Court's previous Recommendation. Defendant Jarvis primarily asserts defenses against personal liability, which this Court has already evaluated. (Docket #27 ¶ 6.) Defendant Sunlawn argues it has not been credited for two partial payments already paid. (*Id*. ¶ 4-5.) In its Recommendation granting default judgment, the Court computed damages in the amount of $320,575.05 owed to Plaintiff by Defendant Sunlawn. Any dispute regarding payments made should have been raised by Defendants in response to Plaintiff's Motion for Entry of Default Judgment, or

at the least as an objection to this Court's Recommendation pursuant to Federal Rule of Civil Procedure 72. (*See* Dockets #17, 20.)

## III. Conclusion

Accordingly, for the reasons stated above and the entire record herein, the Court RECOMMENDS that Defendants' Motion to Set Aside Default Judgment F.R.C.P. 60(b) [filed September 5, 2008; docket #27] be **DENIED**.

Dated at Denver, Colorado, this 14th day of October, 2008.

BY THE COURT:


s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge