IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00211-MSK-MEH

BRILL GLORIA Haus- und Gartengeräte GmbH,

   Plaintiff,
v.

SUNLAWN, INC., and
TERRY JARVIS,

   Defendants.
_____

**ORDER AND OPINION ADOPTING AND MODIFYING RECOMMENDATIONS**
_____

**THIS MATTER** comes before the Court pursuant to the Magistrate Judge's October 14, 2008 Recommendation **(#33)** that Defendants' First Motion to Set Aside Clerk's Entry of Default **(#27)** be denied, and the Plaintiff's Objection **(#23)** to the Magistrate Judge's August 5, 2008 Recommendation **(#20)** that Plaintiff's First Motion for Default Judgment **(#17)** be granted in part and denied in part.

### I. Background

Plaintiff Brill Gloria initiated this action against Defendant Sunlawn, Inc. on January 31, 2008, by filing a complaint seeking money damages for breach of contract regarding shipments of lawnmowers from Brill Gloria to Sunlawn **(#1)**. Brill Gloria filed an Amended Complaint on February 6, 2008, adding Defendant Terry Jarvis and alleging breach of contract, unjust enrichment, and joint and several liability **(#4)**. Service was effectuated on both Defendants on February 10, 2008, via Sandra Jarvis, wife of Terry Jarvis and registered agent of Sunlawn **(#6, #7)**. Defendants' answers to the Amended Complaint were due on or before March 3, 2008.

Fed. R. Civ. P. 12(a). When neither Defendant made any sort of appearance or filed any responsive pleading, Brill Gloria moved for entry of default as to both Defendants on June 19, 2008 **(#15)**. The Clerk entered default on June 23, 2008 **(#16)**. On June 24, 2008, Brill Gloria filed its First Motion for Default Judgment **(#17)**. This Motion was referred to the Magistrate Judge, who on August 5, 2008 recommended that it be granted in part, and denied in part **(#20)**. Brill Gloria objected to the Magistrate Judge's Recommendation **(#23)**. On September 5, 2008, Defendants' filed their First Motion to Set Aside Clerk's Entry of Default **(#27)**. This Motion was referred to the Magistrate Judge, who on October 14, 2008 recommended that it be denied **(#33)**. Neither party objected to this Recommendation.

## II. Standard of Review

Within ten days after being served with a copy, any party may serve and file specific written objections to a magistrate judge's recommendations. The district court shall make a *de novo* determination of those portions of the recommendations to which a proper objection is made. The district court may then accept, reject, or modify the recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b).

Where no party files objections to a recommendation, the Court reviews the recommendation for clear error. *See* Fed. R. Civ. P. 72, Advisory Committee Notes (1983 Addition) (citation omitted); *See also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)(when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate).

## III. Recommendation on Defendants' First Motion to Set Aside Clerk's Entry of Default

No party filed any objection to the Magistrate Judge's Recommendation **(#33)** regarding Defendants' First Motion to Set Aside Clerk's Entry of Default **(#27)**, and therefore the Court

reviews the Recommendation for clear error. The Court finds no clear error in the Magistrate Judge's Recommendation and agrees that the Motion should be denied.

Defendants made no responsive appearance in this case until over seven months after its deadline for responding to Brill Gloria's Amended Complaint. Defendants' single justification for this delay is that the parties engaged in settlement negotiations immediately subsequent to the action being commenced. Because there was no request to extend their time to file a responsive pleading, the Court agrees with the Magistrate Judge that Defendants' delay was not justified and that entry of default was appropriate. No showing of a viable defense was made. Accordingly, good cause does not exist to set aside the entry of default. Fed. R. Civ. P. 55(c); *Hunt v. Ford Motor Co.*, 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995).

### IV. Recommendation on Brill Gloria's First Motion for Default Judgment

Brill Gloria seeks entry of default judgment against both Defendants on its claims for breach of contract, unjust enrichment, and joint and several liability (**#17**). The Magistrate Judge recommends granting Brill Gloria's Motion as to the breach of contract claim, and denying the Motion as to the claims for unjust enrichment and joint and several liability (**#20**). Brill Gloria timely objected to the Magistrate Judge's Recommendation (**#23**), but only with regard to the recommendation that the Motion be denied as to the joint and several liability claim. In their Reply to Brill Gloria's Objection, Defendants request entry of judgment as recommended by the Magistrate Judge (**#26**).

#### A. Standard for Entry of Default Judgment

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. A defendant who fails to answer, plead, or otherwise properly defend an action is deemed to have admitted the factual allegations of the complaint as true. *See Dundee*

*Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2007 WL 437762, *3 (D. Colo. 2007). Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245, *2 (D. Colo. 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

## B. Breach of Contract

Because no party objected to the Magistrate Judge's recommendation that default judgment be entered on Brill Gloria's claim for breach of contract, the Court reviews this recommendation for clear error. The Court agrees with the Magistrate Judge's finding that Brill Gloria has sufficiently established its breach of contract claim against Sunlawn, Inc. However, the Magistrate Judge's recommendation did not specify whether jdgment should be entered against both Defendants or only as to Sunlawn.[1] As discussed below, this Court, after *de novo* review, finds that Brill Gloria has not proven it's claim for joint and several liability. Accordingly, the Court finds that default judgment should be entered in favor of Brill Gloria on its claim for breach of contract against Sunlawn only.

## C. Unjust Enrichment

Because neither party objected to the Magistrate Judge's recommendation that Brill Gloria's Motion be denied as to its claim for unjust enrichment, the Court reviews the

---

[1]The Magistrate Judge makes reference to this issue in its Recommendation on Defendants' First Motion to Set Aside Entry of Default **(#33)**, and those references are taken into account here.

recommendation for clear error. After such review, this Court adopts the Magistrate Judge's recommendation that the Motion be denied as to Brill Gloria's claim for unjust enrichment because it is simply an alternative theory for recovery which is inconsistent with the breach of contract claim.

### D. Joint and Several Liability

Brill Gloria objects to the Magistrate Judge's recommendation that its Motion be denied as to its claim for joint and several liability, arguing that the Magistrate Judge incorrectly applied a piercing of the corporate veil analysis to the claim. This Court reviews this portion of the Magistrate Judge's Recommendation *de novo*.

In its Amended Complaint **(#4)**, Brill Gloria asserts a claim for joint and several liability, alleging that Terry Jarvis and Sunlawn should be held jointly and severally liable for the entire indebtedness owed to Brill Gloria as a result of this lawsuit. In support of this claim, Brill Gloria alleges that Jarvis and Sunlawn failed to distinguish themselves in purchase orders sent to Brill Gloria. Specifically, Jarvis signed at least one purchase order without indicating his office or position with Sunlawn, or otherwise indicating that he was signing the document in a representative capacity (although Brill Gloria does recognize that Sunlawn's stamp is affixed next to Jarvis' signature on this purchase order). Furthermore, the address on the purchase order is Jarvis' home address. Finally, Brill Gloria alleges that any benefit to Sunlawn from the Defendants' failure to pay them monies owed also benefitted Jarvis in his personal capacity.

Brill Gloria repeatedly maintains that it is not attempting to pierce the corporate veil of Sunlawn as a basis for its claim of joint and several liability, and instead relies in whole upon the case of *Sago v. Ashford*, 358 P.2d 599 (Colo. 1961), as a legal basis for this claim. **(#23, #32)**. Because the Court's jurisdiction over this case is based upon diversity, Colorado law

governs this question. *See Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas*, 123 F.3d 1351, 1352-53 (10th Cir. 1997)(a federal court sitting diversity must apply the substantive law of the state in which it sits).

In *Sago,* the trial court had entered judgment against Sago for the unpaid amount on a contract for the purchase of a hydraulic power cutter. On appeal, Sago argued that the unpaid amount on the contract was attributable not to him personally but to Howard Sand and Gravel Company, of which Sago was president. Howard Sand and Gravel Company was not a party to the action. The contract underlying this dispute consisted of a letter addressed "Dear Mr. Sago:" offering to sell the power cutter. Below the offer, on the same document, appears: "We wish to order this equipment as specified above. Signed <u>Fred</u> <u>Sago</u> (Signature of Purchaser)." 358 P.2d at 600. In affirming the trial court's decision to hold Sago personally liable for the debt, the court applied the following rule:

> [T]hat if one signs his name to a simple contract without designating that he does so as an officer or agent, or in a representative capacity acting for and in behalf of another, the principal's name not appearing in the instrument as principal of the person signing, the one signing is personally liable on the contract so signed."

*Id.* However, the court applied this rule because it found that "neither the instrument itself nor other circumstances advised the seller of the existence of the corporation or the claimed representative capacity of Sago." *Id.*

The *Sago* case is inapposite to the present matter. Unlike the seller in *Sago*, Brill Gloria was well aware of the existence of the corporation involved in its contract. The October 11, 2005 purchase order attached as Exhibit 1 to Brill Gloria's Amended Complaint is signed by Terry Jarvis, but the Sunlawn stamp is affixed immediately adjacent to his signature. The September 24, 2006 purchase order attached as Exhibit 2 to Brill Gloria's Amended Complaint

lists Terry Jarvis as a contact with the email address "terry@sunlawn.com." Both of these purchase orders have the Sunlawn address printed in the top, left-hand corner and both purchase orders direct Brill Gloria to ship the requested equipment to Sunlawn. Furthermore, the facsimile cover sheets attached to both of these purchase orders are ascribed with Sunlawn's letterhead. The Brill Gloria invoices attached as Exhibits 3 and 4 to the Amended Complaint refer only to Sunlawn. The January 15, 2004 "Visit Report" attached as Exhibit 5 to the Amended Complaint memorializes Jarvis' attendance at a meeting as being on behalf of Sunlawn. Brill Gloria filed this lawsuit against Sunlawn as a lone defendant **(#1)** prior to amending its complaint to assert claims against Jarvis, and this original complaint refers to the October 11, 2005 and September 24, 2006 purchase orders as being placed by "Jarvis, on behalf of Sunlawn." Brill Gloria's Amended Complaint recognizes Jarvis as president and CEO of Sunlawn, and recognizes that Sunlawn and Jarvis share a common address. Under these circumstances, the Court finds that a reasonable person would have recognized that Jarvis was acting in his capacity as agent for Sunlawn.

Because Brill Gloria does not intend to pierce the corporate veil, the Court does not speculate as to who benefitted from the transaction. Based upon the evidence submitted by Brill Gloria, it has established liability only by Sunlawn.

### E. Damages

The Magistrate Judge recommends entry of judgment in the amount of $320,575.05 **(#20)**. All parties agreed with entering judgment in this amount in their respective responses to the Recommendation **(#23, #26)**.

However, in their First Motion to Set Aside Entry of Default **(#27)**, Defendants raise an issue with regard to the proper amount of damages, asserting that they have made partial

payments in the amount of approximately $25,000.00 for which they should receive credit. Defendants do not present any documentation with regard to these payments and do not provide any detail as to when or under what circumstances they were made. Defendants request a hearing on the issue of damages. In response to this Motion **(#30)**, Brill Gloria acknowledges receipt of $20,000.00. Accordingly, Brill Gloria agrees that judgment should enter in the amount of $300,575.05.

Ordinarily, a final default judgment cannot be entered against a party until the amount of damages has been ascertained. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D.C.Colo. 1984)(citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2692 at 465-66 (1983)). If needed, a court may conduct a hearing to determine the amount of damages prior to entering default judgment. Fed. R. Civ. P. 55(b)(2)(B). A court may enter default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. *See Klapprott v. U.S.*, 335 U.S. 601, 611-12 (1949).

Here, the Magistrate Judge considered the evidence provided in conjunction with the Motion for Default Judgment. The parties agree that the calculation was correct , but subsequently contend that the amount of judgment should be reduced to account for later payment. The Defendant has not submitted any evidence or made any offer of proof to contradict the reduction stipulated to by the Plaintiff. Therefore, The Court will enter judgment with damages in the amount of $300,575.05, representing Brill Gloria's agreed reduction in the amount owed.

As a final matter, the Court adopts the Magistrate Judge's formula for assessing pre-

judgment interest as found in the Recommendation **(#20)**.  No party objected to this portion of the Recommendation.

### V. Conclusion

The Court **ADOPTS** the Recommendation **(#33)**, and Defendants' First Motion to Set Aside Entry of Default **(#27)** is **DENIED**.  The Court **ADOPTS**, in part, the Recommendation **(#20)**.  Brill Gloria's First Motion for Default Judgment **(#17)** is **GRANTED** as to Brill Gloria's claim for breach of contract against Defendant Sunlawn, and is **DENIED** as to Brill Gloria's claims for unjust enrichment and joint and several liability.  Judgment shall enter against Defendant Sunlawn in the amount of $300,575.05.   Claims against Defendant Jarvis are dismissed.  The Clerk shall close this case.

DATED this 18th day of February 2009.

BY THE COURT:

_____
Marcia S. Krieger
United States District Judge