IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00211-MSK-MEH

BRILL GLORIA Haus- und Gartengeräte GmbH,

        Plaintiff,

v.

SUNLAWN, INC., and
TERRY JARVIS,

        Defendants.

_____

**ORDER GRANTING AMENDED MOTION FOR RELIEF**
_____

        **THIS MATTER** comes before the Court pursuant to Plaintiff Brill Gloria's Amended Motion for Relief Pursuant to Rule 59(e) and Rule 60(a) **(#38)** and Defendants Sunlawn and Jarvis' Joint Response **(#39)**. At issue is the following portion of the Court's February 18, 2009 Order **(#34)**: "Claims against Defendant Jarvis are dismissed."

        Brill Gloria requests three alternative forms of relief: (1) reconsideration pursuant to Fed. R. Civ. P. 59(e), or (2) amendment of the February 18, 2009 order pursuant to Fed. R. Civ. P. 60(a) to clarify that dismissal of the claims against Jarvis is without prejudice, or (3) amendment of the February 18, 2009 order pursuant to Fed. R. Civ. P. 59(e) to dismiss the claims against Jarvis without prejudice (in the event that clarification under Rule 60(a) results in dismissal with prejudice).

        Because the request made pursuant to Rule 60 is determinative, the Court begins with it. A court may correct a clerical mistake or a mistake arising from oversight or omission whenever

1

one is found in an order. Fed. R. Civ. P. 60(a). Amendment under Rule 60(a) is appropriate to clarify what the Court intended to order in the first instance. *See McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989). In the present matter, the Court's intention was to dismiss the claims against Jarvis without prejudice, as the matter came upon Brill Gloria's motion for default judgment as opposed to Jarvis' motion to dismiss. Because the Court's dismissal was not a voluntary one pursuant to Fed. R. Civ. P. 41(a), the Court's silence as to the prejudicial effect of dismissal could understandably be construed as an adjudication on the merits, as Fed. R. Civ. P. 41(b) states: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) [Involuntary Dismissal; Effect] and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." Under these circumstances, the Court's omission of "without prejudice" should be corrected pursuant to Rule 60(a). In light of this conclusion, Brill Gloria's alternative requests for relief under Rule 59(e), become moot.

**IT IS ORDERED** that Brill Gloria's Motion **(#38)** is **GRANTED** in so far as the Court's order of February 18, 2009 **(#34)** is hereby amended to state, "Claims against Defendant Jarvis are dismissed without prejudice."

Dated this 30th day of April, 2009

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge